IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANA PETERSON, M.D.**

 **Plaintiff,**

vs.                  **No.**

**SUNLIFE ASSURANCE COMPANY OF CANADA**

 **Defendants**.

## COMPLAINT

 COMES NOW the Plaintiff, Dana Peterson, M.D., by and through his counsel of record, Sanders & Westbrook, P.C. (Maureen A. Sanders), and for his causes of action, states as follows:

 1. Plaintiff Dana Peterson, M.D. (hereinafter "Plaintiff") is a resident of the City of Albuquerque, County of Bernalillo, and State of New Mexico.

 2. Defendant SunLife Assurance Company of Canada (hereinafter "SunLife Insurance") is an affiliate of SunLife Financial, and is licensed to do business in the State of New Mexico, and was doing business in fact within the State of New Mexico at all times material hereto.

 3. At all times material hereto, SunLife provided disability benefits to those covered by an Employee Benefit Plan established by Plaintiff's Employer, Southwest Medical Association, Inc.. Sunlife was the entity which made all relevant benefit eligibility determinations and which was responsible for paying any benefits due under the Plan from its own funds.

 4. Jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. § 1132(e).

**STATEMENT OF FACTS**

5. SunLife issued a long-term disability (LTD) policy (Group Plan No. 510) to the Plan. The stated purpose of the long-term disability policy was to provide financial protection for the insured by paying a portion of the insured's income while the insured is under a long period of disability.

6. This long-term disability policy constituted an "employee welfare benefit plan" as that term is defined pursuant to the ERISA, 29 U.S.C. § 1002(1), and was in effect at all times material hereto.

7. Plaintiff was employed by Southwest Medical Associates as a physician and received certain benefits incident to that employment, including LTD coverage through the SunLife Policy. Plaintiff was a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing plan.

8.. Beginning in the Spring of 2008 Plaintiff became partially unable to work and then by November 2008 totally unable to work due to ankylosing spondylothsis and a mental illness. As a consequence of his condition, Plaintiff became disabled as defined by the Policy because he was unable to perform the material and substantial duties of his occupation as a physician.

10. While Plaintiff was employed at Southwest Medical Associates, he was an insured under several disability policies: (a) a Short Term Disability policy from Standard Insurance Company; (b) two individual Long Term Disability policies from Monarch Insurance Company; and, (c) one Long Term Disability Group policy from SunLife Assurance.

11. Plaintiff has received and/or is continuing to receive disability benefits from all

disability insurance carriers except SunLife Assurance which is the Defendant in this action.

12. Standard Insurance Company determined that Plaintiff was disabled and paid Plaintiff short-term disability benefits under the Plan. Plaintiff received disability benefits from Standard from December 20, 2008 to March 19 2009.

13. Monarch Life Insurance Company determined that Plaintiff was eligible under his individual disability policies for residual disability benefits from May 14, 2008 to November 20, 2008 and eligible for total disability benefits beginning November 20, 2008.

14. SunLife, the insurer providing disability benefits to Plaintiff under his Employer's Plan, determined that Plaintiff was not eligible for disability benefits under its policy.

15. SunLife's determination was based at least in part on Plaintiff's Employer's false statement about its knowledge of Plaintiff's disability or health conditions prior to Plaintiff's termination of employment and about the reason for the termination.

16. After receiving a denial from SunLife, Plaintiff initiated a first appeal to SunLife regarding his eligibility for long-term disability benefits. The information in the claim file on appeal established that Plaintiff was disabled within the meaning of the Policy.

17. SunLife issued a letter to Plaintiff that upheld its initial decision to deny Plaintiff's long-term disability.

18. In denying the claim, SunLife ignored all documentation and information available to it as provided by the Plaintiff, his treating medical providers and others, including Standard Insurance Co. and Monarch Insurance Co. determinations that Plaintiff is disabled, showing that the Plaintiff was not capable of performing the material duties of his regular job.

19. Plaintiff then initiated a second appeal regarding the denial of his long-term

disability benefits.  SunLife again issued a letter that upheld its initial decision to deny Plaintiff's long-term disability benefits, and its prior decision in the first appeal.  This letter further stated that all administrative remedies have been exhausted.

20.     Since originally filing his claim with SunLife, Plaintiff has been and remains disabled as that term is defined by the Policy.

21.     Based on the evidence submitted to and available to SunLife, Plaintiff has met and continues to meet all of the Plan's conditions to receive benefits.  Plaintiff is entitled to an award of all Plan benefits, including but not limited to retroactive LTD benefits due and owing through the date of judgment with interest due on all past-due payments, and LTD benefits continuing into the future as long as Plaintiff remains disabled.

22.     SunLife's denial of benefits was contrary to and in disregard of the evidence of record and was arbitrary and capricious, unreasonable, incorrect, unsupported by substantial evidence, and in bad faith.

23.     Plaintiff has exhausted all of his administrative remedies before filing this action. Sun Life continues to deny payment for Plaintiff's claim.

24.     SunLife had an inherent conflict of interest in processing the claim for benefits because it is both the underwriter and the decision maker as to the eligibility for benefits.

### FIRST CAUSE OF ACTION CLAIM FOR BENEFITS DUE UNDER ERISA 29 U.S.C. § 1132(A)(1)(B)

25.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through of 25 of this Complaint as though fully set forth herein.

26.     ERISA, 29 U.S.C. § 1132(a)(1)(B) provides that a plan participant such as

Plaintiff may commence a civil action to recover benefits due under the terms of a Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.  By its failure and refusal to pay Plaintiff's long-term disability benefits, Defendant violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B).  Plaintiff brings this suit to redress Defendant's breaches and violations of the terms of the Plan and Policy, to recover benefits due under the Plan, to seek reinstatement of all benefits and to clarify Plaintiff's rights to such benefits pursuant to ERISA 29 U.S.C § 1132(a)(1)(B).  Defendants' failures include, but are not limited to:

    a. Failure to pay long-term disability benefits to the Plaintiff.

    b.. Failure to fully and fairly review the Plaintiff's eligibility for benefits;

    c. Failure to consider all relevant information relating to Plaintiff's continuing disability.

27. Plaintiff remains disabled and is entitled to past and future long-term disability benefits under the terms of the Policy.

28. ERISA 29 U.S.C. § 1133, required the Plan to provide Plaintiff with a "full and fair review" of the denial of his claim, in accordance with Labor Department regulations.  Upon information and belief, Defendants did not perform a full and fair review of Plaintiff's claim, and the denial of Plaintiff's LTD benefits occurred in violation of ERISA and terms of the Plan.

29. As the Plan fiduciary responsible for determining claims for benefits, SunLife was required to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of the Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein and under the Plan.  Upon information and belief, at all material

times, SunLife acted only in its own financial interest in denying Plaintiff's claim and appeals.

30. Determinations by the Defendant under the Policy are not entitled to deference because the Defendant acted in its own financial interests, in conflict with its fiduciary duties, and did not have or maintain the neutrality of objectiveness required of a fiduciary under the circumstances.

31. Defendant SunLife's denial of LTD benefits is and has been in derogation of Plaintiff's rights under the contract and pursuant to law.

32. SunLife's denial of LTD benefits, and its refusal to reverse its decision upon review of Plaintiff's claims, was arbitrary and capricious, unsupported by substantial evidence and constituted an abuse of discretion.

33. Under ERISA, 29 U.S.C. § 1132(a)(1)(B), Plaintiff is also entitled to a clarification that he has a right to benefits not previously paid and payment of future long-term disability benefits under the terms of the Policy affording such benefits.

34. Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays that Judgment be entered in his favor and against Defendant for relief including but not limited to:

    a. A declaration that the Defendant has breached the duties, responsibilities and obligations imposed on it by ERISA;

    b. A declaration that Defendant failed to comply with its obligations under 29 U.S.C. § 1133 to provide Plaintiff with the opportunity for a full and fair review of the denial of his claim and also by failing to fully and fairly review such denial;

c. A declaration that Plaintiff is disabled with the meaning of the Plan and/or Policy and is entitled to long term disability benefits under the Plan;

d. A declaration that Plaintiff is entitled to receive benefits so long as he continues to meet the policy terms and conditions for receipt of benefits;

e. A judgment in Plaintiff's favor and against the Defendant and an Order requiring Defendant to provide all benefits due under the Plain, past and future, as long as Plaintiff remains disabled, with interest due on all past-due payments.

f. An order requiring the Defendant to pay Plaintiff pre-judgment interest on all benefits that have accrued prior to the date of judgment.

g. An order requiring the Defendant to pay the Plaintiff the costs of suit herein, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

h. Any such other and further relief as the Court deems just and proper.

Respectfully submitted,

SANDERS & WESTBROOK, PC

/s/Maureen A. Sanders
Maureen A. Sanders
Duff Westbrook
102 Granite Ave. NW
Albuquerque, NM 87102
(505) 243-2243